FILED
SUPERIOR COURT
OF GUAM

2019 MAR -6 AM 10: 23

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> CYFRED, LTD., ET AL., <br><br> Defendants. | Superior Court Case No. <u>CV0426-18</u> <br><br> **DECISION AND ORDER** <br> **RE** <br> **MOTION TO DISQUALIFY** <br> **WAYSON W.S. WONG** <br> **IN DEPOSITIONS** |

The Court here considers Defendants Cyfred, Ltd., Leonard Francis Gill and Stephanie Mendiola's request that the Court disqualify Plaintiffs' counsel, Attorney Wayson Wong, from questioning or cross-examining any witnesses in the depositions in this case. Defendants assert that Attorney Wong's participation in taking depositions will likely confuse the jury because "Defendants will potentially use deposition recordings at trial to provide a more complete picture to the jury of any testimony at issue" and therefore Attorney Wong's dual role as witness-advocate in this case will not be concealed from the jury. Mot. to Disqualify Wayson W.S. Wong in Depositions at 2-3 (Jan. 7, 2019).

In its December 27, 2018 Decision and Order re Motion to Disqualify Counsel, the Court disqualified Attorney Wong from representing Plaintiffs at trial due to the risk of potentially confusing the jury as to his role in the case. However, the Court reserved the right to disqualify him from future pretrial litigation activity. As stated in the previous Order, an attorney is disqualified from representing a party if that representation risks violating the Guam Rules of Professional Conduct. *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 20. Rule 3.7 of the Guam

## ORIGINAL

Rules of Professional Conduct outlines when a lawyer is *not* disqualified from acting as both an attorney and a witness. Applicable here, the rule expressly states that an attorney may remain a party's advocate if "disqualification of the lawyer would work substantial hardship on the client." GRPC 3.7(a)(3). Keeping that exception in mind, the Court must also exercise its discretion and "determine whether participation by the attorney in a particular pretrial activity would undermine the purpose of Rule 3.7" and, accordingly, limit the attorney's role in that activity. *Fognani v. Young*, 115 P.3d 1268, 1277 (2005).

In order to avoid any potential jury confusion as to his role, Plaintiffs propose deleting any reference to Attorney Wong's identity as the deposing attorney in transcripts to be read at trial, as well as simply avoiding the use of deposition recordings at trial. Pl.'s Opp'n to Def.'s Mot. Disqualify Wayson W.S. Wong in Depositions at 4-5 (February 4, 2019). The Court finds that permitting impeachment deposition testimony to be read at trial instead of played via recording, and allowing the parties to redact anything that makes it appear as if Attorney Wong has asked questions at the relevant depositions, sufficiently cure any potential jury confusion regarding Attorney Wong's role in this case. This cure is optimal over depriving Plaintiffs' of the benefit of their long-time counsel at depositions and does not undermine the purpose of GRPC 3.7.

Therefore, the Motion to Disqualify Wayson W.S. Wong in Depositions is **DENIED**.

SO ORDERED this 6th day of March 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

WDH

VAN DE VELD

Date: 3/6/19   Time: 12pm

Appearing Attorneys:

Deputy Clerk, Superior

Wayson W. S. Wong for Plaintiffs

Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL